UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID D. HARRIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>K. YUSUFZI, et al.,<br><br>　　　　　Defendants. | No. 2:16-cv-0609 CKD P<br><br><br>ORDER |

I. Introduction

　　　Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1   exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

2   II. Screening Standard

3       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

    Section 1997(e)(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997(e)(a) (also known as the Prison Litigation Reform Act ("PLRA")).  A prisoner must exhaust his administrative remedies before he commences suit.  McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002).

    Plaintiff alleges that he suffers from chronic pain due to metal pins in his elbow from a 1998 injury.  He alleges that defendants, who are on the medical staff at California Health Care Facility, have not adequately treated his pain with Motrin and Tylenol.  He alleges that his thrice-daily methadone treatment was discontinued "for no reason" and his current pain medication is not strong enough.  (ECF No. 1 at 3.)

    On the portion of the civil action form concerning exhaustion of remedies, plaintiff indicates that the grievance process is not completed.  (Id. at 3-4.)  Records attached to the complaint show that plaintiff filed an inmate health care appeal on this issue on January 26, 2016.  His appeal was partially granted at the first level of review on February 29, 2016.  (Id. at 10-11.)  Nothing in the complaint or attachments suggest that administrative remedies were "effectively unavailable" to plaintiff so as to exempt him from the exhaustion requirement.  See Nunez v. Duncan, 591 F.3d 1217, 1224–26 (9th Cir. 2010).

    Because plaintiff brought suit against the defendants on March 23, 2016, he is required to have completed the inmate appeals process as to his claims by that date.  See Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (under 42 U.S.C. § 1997e(a), a prisoner "may

initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed."); see also Akhtar v. Mesa, 698 F.3d 1202, 1210 (9th Cir. 2012) ("a prisoner does not comply with [the exhaustion] requirement by exhausting available remedies during the course of the litigation.")  Unexhausted claims are subject to dismissal.

Plaintiff has consented to magistrate jurisdiction to conduct all proceedings in this action. (ECF No. 5.)  For the foregoing reasons, the undersigned will dismiss this action without prejudice to refiling after plaintiff exhausts administrative remedies.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. This action is dismissed without prejudice for failure to exhaust administrative remedies.

Dated: May 9, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / harr0609.14.new